UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER ELLIOTT,

          Plaintiff,

      v.

GONZALEZ,

          Defendant.

Case No.  2:26-cv-0883-JDP (P)

ORDER

Plaintiff, a state prisoner, alleges that defendant Gonzalez violated his Eighth Amendment rights by using excessive force against him.  ECF No. 1 at 3.  This claim is cognizable.  Plaintiff also indicates that he is bringing a First Amendment retaliation claim against Gonzalez, but there are no allegations in the complaint supporting such a claim.  Plaintiff must choose whether to proceed only with his Eighth Amendment excessive force claim, or to delay serving Gonzalez and file an amended complaint.  I will grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 2.

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

1

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

Plaintiff alleges that, on an unspecified date at California State Prison-Sacramento, defendant Gonzalez used excessive force against him during an escort to the "phone cage." ECF No. 1 at 3. Specifically, he alleges that, without justification, Gonzalez shoved him into the cage and began pepper spraying him. *Id.* These allegations are sufficient to state a cognizable Eighth Amendment excessive force claim.

On the complaint form, plaintiff also states that he is suing Gonzalez for a violation of his First Amendment rights. *Id.* The brief allegations do not reference anything that could be

2

construed as a First Amendment violation, however.

Plaintiff may elect to proceed only with his Eighth Amendment claim against Gonzalez, or he may delay serving this defendant and file an amended complaint. If he files an amended complaint, he is advised that it will fully supersede the current complaint, and should be titled "First Amended Complaint."

Accordingly, it is ORDERED that:

1.    Within thirty days, plaintiff may confirm his intent to proceed only with the Eighth Amendment claim against Gonzalez or, within that same time, file an amended complaint with the understanding that doing so will delay service of any defendant.  If plaintiff confirms his intent to proceed with the cognizable claims, I will direct service for Gonzalez.

2.    The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3.    Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:    March 26, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE